IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| STAR MARIANAS AIR, INC., <br><br> Plaintiff, <br> v. <br><br> SOUTHERN AIRWAYS EXPRESS, LLC, MARIANAS PACIFIC EXPRESS LLC d/b/a MARIANAS SOUTHERN AIRWAYS, and KEITH STEWART, <br> Defendants. | Civil Action No. 24-00010 |

**AGREED PROTECTIVE AND/OR CONFIDENTIALITY ORDER**

The parties to this Agreed Protective and/or Confidentiality Order have agreed to the terms of this Order. Accordingly, it is ORDERED:

**1.** **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Confidential Information**. As used in this Order, "Confidential Information" means information designated as set forth herein by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) other non-public or proprietary information, (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-

2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

   3.   **Designation**.

   **(a)**   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

   **(b)**   The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

   4.   **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential

Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise agreed to by the parties or ordered by the Court.

**5. Protection of Confidential Material**.

**(a) General Protections**. Confidential Information, or the substance or content thereof, including, but not limited to, any attorney work product or any notes or memoranda, shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Accordingly, Confidential Information may not be used for any commercial purpose, including soliciting clients.

**(b) Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> **(1) Counsel**. Counsel for the parties in this action and employees of counsel to whom it is necessary that the information be shown for the purposes of this litigation;
>
> **(2) Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A (i.e., an Acknowledgment of Understanding and Agreement to Be Bound);

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A (i.e., an Acknowledgment of Understanding and Agreement to Be Bound);

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. When Confidential Information is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by this Order to have access to such Confidential Information are present. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel

4

shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless otherwise agreed to by the parties or ordered by the Court. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Inadvertent Production of Privileged or Otherwise Protected Information**. The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof. Promptly after discovering an inadvertent production of privileged information, the discovering party shall notify the other party, in writing, of the inadvertent production. Within five business days thereafter, the receiving party must certify the following: (a) it has returned or destroyed the specified information and any copies that it has (provided, however, that if the receiving party intends to raise the privilege issue with the court, it may retain and use one copy of the information solely for this purpose); (b) it has taken reasonable steps to

retrieve any specified information that already has been disclosed, including, without limitation, consenting to a motion to seal court files containing the information if so requested; and (c) it will not use or disclose the information unless the Court subsequently determines that the claim of privilege is invalid.  By providing this certification, the receiving party does not waive any right it has to challenge the assertion of privilege and to move for an order of the court denying such privilege; provided, however, that (i) the receiving party may not assert as a ground for such motion the fact or circumstances of the inadvertent production and (ii) the receiving party must move to file the document(s) at issue under seal or present them *in camera* if it chooses to present the document(s) to the court.  The provisions of this paragraph apply to all information or materials produced in the litigation, whether designated Confidential or not.

8. **Unauthorized Disclosure of Confidential Information**.  If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

9. **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with any applicable rules, including, but not limited to, any applicable local rules.

10. **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. If the parties are unable to come to an agreement, the designating party must file and serve a motion that identifies the challenged material and sets forth in detail the basis for the designation. Failure of the designating party to so move within five (5) days of the parties reaching an impasse in the meet and confer process, shall waive any Confidential Designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13.     Use of Confidential Documents or Information at Trial or Hearing**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  If a party desires to protect Confidential Information at a hearing or trial, the producing party shall bring that issue to the Court's and parties' attention prior to or during a hearing or trial or shortly thereafter.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information.

**14.     Preservation of Certain Rights**.  Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

**(a)**     Operate as an admission by any party that any materials designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

**(b)**     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

**(c)**     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Order;

**(d)**     Prejudice in any way the rights of any party to seek a determination by the Court whether any materials or Confidential Information should be subject to the terms of this Protective Order; or

**(e)**     Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information.

**15.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

**(a)** If a receiving party is served with a subpoena, court order, regulatory request, or other demand in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information ("Protected Materials Request"), the receiving party must so notify the designating party, in writing, as soon as possible after receiving the Protected Materials Request. Such notification must include a copy of the Protected Materials Request.

**(b)** The receiving party also must immediately inform in writing the party who caused the Protected Materials Request to issue in the other litigation that some or all of the material covered by the Protected Materials Request is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the Protected Materials Request to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the Protected Materials Request issued. If the designating party timely seeks a protective order, the party served with the Protected Materials Request shall not produce any information designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before a determination by the court or body from which the Protected Materials Request issued, unless the party has obtained the designating party's permission or the court or body so directs. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this

paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

16. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17. **Obligations on Conclusion of Litigation**.

    **(a)** **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after the dismissal or entry of final judgment not subject to further appeal.

    **(b)** **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal and upon written request of the producing party, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraphs 3(a) and 4, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed; (2) the receiving party elects to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    **(c)** **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including

those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    **(d)**  **Deletion of Documents Filed Under Seal from ECF System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

  18.  **Third Parties**. Third parties who produce information in this action may avail themselves of the provisions of this Order after providing a signed copy of Attachment A to counsel of record. Materials produced by third parties shall be treated by the parties in conformance with this Order.

  19.  **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

  20.  **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  21.  **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*It is So Ordered*.

Dated: _____.  _____
                             Ramona V. Manglona
                             Chief Judge

**STIPULATED AND AGREED TO BY:**

*/s/ Mark A. Scoggins*                .

Counsel for STAR MARIANAS AIR, INC

Dated: October 9, 2025

**STIPULATED AND AGREED TO BY:**

*/s/ Sean E. Frink*                .

Counsel for SOUTHERN AIRWAYS EXPRESS, LLC

Dated: October 9, 2025

**STIPULATED AND AGREED TO BY:**

*/s/ Colin M. Thompson*                .

Counsel for KEITH STEWART & MARIANAS PACIFIC EXPRESS LLC

Dated: October 9, 2025

12

1078630\325060088.v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| STAR MARIANAS AIR, INC.,<br><br>                      Plaintiff,<br>         v.<br><br>SOUTHERN AIRWAYS EXPRESS, LLC,<br>MARIANAS PACIFIC EXPRESS LLC d/b/a<br>MARIANAS SOUTHERN AIRWAYS, and<br>KEITH STEWART,<br>                      Defendants. | Civil Action No. 24-00010 |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective and/or Confidentiality Order in the above-captioned action dated _____ and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern Mariana Islands in matters relating to the Protective and/or Confidentiality Order and understands that the terms of the Protective and/or Confidentiality Order obligate him/her to use materials designated as Confidential Information (or allow him/her to designate materials as Confidential Information) in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person or entity and not use it for any purpose than that this litigation. The undersigned acknowledges that violation of the Protective and/or Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Address: _____
              _____

Date: _____        Signature: _____